United States District Court
Southern District of Texas
**ENTERED**
May 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ARNULFO ENRIQUE HUERTA ROMERO, §
                                §
              Petitioner,        §
                                §
v.                               § CIVIL ACTION NO. H-26-2103
                                §
MARTIN FRINK,[1]                 §
                                §
              Respondent.        §

### ORDER OF DISMISSAL

The petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Docket Entry No. 1), challenging his continued detention by the United States Department of Homeland Security, Immigration and Customs Enforcement and asking the Court to order a bond hearing. The respondent has now filed a motion to dismiss on the grounds that the petitioner has agreed to voluntarily depart from the United States, thus rendering moot his request for a bond hearing.

"Under Article III of the Constitution this Court may only adjudicate actual, ongoing controversies." Honig v. Doe, 484 U.S. 305, 317 (1988). "Mootness has two aspects: 'when the issues

---

[1] The Warden is substituted as the sole respondent in place of the other listed respondents because he is the petitioner's immediate custodian as the warden of the Montgomery Processing Center. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

presented are no longer live" or the parties lack a legally cognizable interest in the outcome.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496(1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. With the designation of mootness comes the concomitant designation of non-justiciability." American Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir. 1988)(citations omitted).

Because the petitioner is no longer seeking a bond hearing, this case is moot. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE AS MOOT.**

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 20th day of May, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-2-